[Docket No. 51]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CONTE'S PASTA CO., INC., | |
| Plaintiff, | Civil No. 18-12410 (RMB/AMD) |
| v. | **OPINION** |
| REPUBLIC FRANKLIN INSURANCE COMPANY, | |
| Defendant. | |

APPEARANCES:

WHEELER, DIULIO & BARNABEI, P.C.
By: Jonathan Wheeler, Esq.
One Penn Center
1617 JFK Boulevard, Suite 1270
Philadelphia, PA 19103
      Counsel for Plaintiff

GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962
      Counsel for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Republic Franklin Insurance Company's ("RFI") Motion for Reconsideration or, in the alternative, for Clarification of the Court's Opinion and Order.

[Docket No. 51]. On May 29, 2020, the Court granted Plaintiff Conte's Pasta's Motion for Summary Judgment and Denied Defendant RFI's related Cross-Motion. [Docket Nos. 49 and 50]. RFI now seeks reconsideration of the Court's opinion with respect to only the cause of action for conversion. For the reasons set forth herein, RFI's Motion for Reconsideration will be DENIED. In addition, RFI's request for clarification of the Court's previous order will be GRANTED.

I.  **FACTUAL BACKGROUND**

The Court previously detailed the factual background of this dispute in its Opinion concerned the parties' Cross-Motions for Summary Judgment. [See Docket No. 49]. It will now address only the facts relevant to RFI's current motion.

This action concerns an insurance coverage dispute arising out of listeria contamination of gluten-free pizza crusts manufactured by Conte's Pasts Co., Inc. In an underlying action, Conte's was sued by a customer, Nature's One, for various claims related to that contamination. Conte's tendered the defense of that suit to its insurer, RFI, which denied coverage.

The parties' Cross-Motions for Summary Judgment [Docket Nos. 30 and 31], in this action, addressed the scope of coverage of their insurance agreement. The Court identified three theories of liability within that context: (1) contamination claims, (2) failed inspection claims, and (3) conversion claims.

The Court held that the contamination claims and failed inspection claims were not covered by the policy, but that the conversion claims were. [Docket No. 50].

RFI's instant motion asks the Court to reconsider its ruling as to the conversion claims. [Docket No. 51]. The conversion claims are those that "arise[] out of the allegation that Nature's One provided packaging equipment owned by Nature's One to Conte's Pasta that Conte's Pasta failed to return." [Docket No. 49].

**II.   RECONSIDERATION STANDARD**

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, the party seeking reconsideration must show

3

at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." RFI's motion asserts the final ground.

### III. ANALYSIS

As noted above, RFI's motion concerns only the conversion claim. When the Court originally addressed this claim, it noted that RFI "appears to have taken the position that the claim for conversion is not covered by the policy because the policy excluded 'property damage' that is intentional pursuant to exclusion 2. Expected or Intended Injury. [Docket No. 49 at 9]. The Court then concluded that RFI has a duty to defend the conversion claims because conversion is not necessarily an intentional tort under Ohio or New Jersey law, and ambiguities in an insurance agreement must be resolved in favor of the insured, pursuant to Cruz-Mendez v. ISU/Ins. Servs. of San Francisco, 156 N.J. 556, 571, 722 A.2d 515, 522–23 (1999). [Id.]

RFI now challenges this conclusion. It asserts that that the Court erred applying the principle that "conversion is not necessarily an intentional tort" to the facts of this case. More specifically, RFI contends that Conte's intentionally kept Nature's One's packaging equipment as a leverage tool to collect

4

allegedly unpaid invoices from Nature's One. In response, Conte's challenges RFI's motion on both procedural and legal grounds. First, it contends that local district rules do not permit a party to use a motion for reconsideration in an attempt to re-litigate matters or to raise arguments that could have been raised before the Court decided the original motion. Second, it argues that it had no intention to convert Nature's One's property. Specifically, Conte's states that its continued possession of Nature's One's packaging equipment was due only to Nature's One's failure to retrieve the equipment[1].

    The Court is unpersuaded by RFI's arguments. As the Court explained in its original opinion "nothing in the Complaint clearly alleges that Conte's Pasta acted intentionally when it allegedly 'refused to return the equipment.'" [Docket No. 49]. Indeed, RFI's position relies on a narrow and selective recitation of the dispute surrounding the return of the equipment. In its reply brief, RFI states that "[t]he undisputed facts make clear that . . . Conte's Pasta did not return the packaging equipment solely due to Nature's One's refusal to pay

---

[1] Conte's opposition brief also suggests that, if the Court is willing to address RFI's motion, then the Court should also reconsider its holding that the contamination claims and failed inspection claims are not covered by the insurance policy. [Docket No. 52]. That request is denied. Conte's has not filed a motion for reconsideration, nor can it do so within the period established by Local Civil Rule 7.1(i).

5

Conte's Pasta's invoices for the supposed work performed." [Docket No. 54 at 2]. But this view is disputed, and it is seemingly inconsistent with at least some of the sources which RFI cites in support. Conte's instead contends that the relationship between the allegedly unpaid invoices and the return of the packaging equipment was limited to who would bear the shipping costs of the equipment. Although the Court does not accept this contention as fact, it reinforces the Court's original finding that the underlying complaint does not clearly allege intentional conduct with respect to the conversion claims. Therefore, and in the absence of clear allegations that Conte's acted intentionally, the Court will deny RFI's motion for reconsideration.

**IV. MOTION FOR CLARIFICATION**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." Resolution Trust Co. v. KPMG Peat Marwick, No. Civ. A. No. 92-1373, 1993 WL 211555, at *2 (E.D.Pa. June 8, 1993). Motions for clarification are "often evaluated under the standard for a motion for reconsideration in this jurisdiction." See, e.g. Fastware, LLC v. Gold Type Business Machines, Inc., Civil Action No. 09-1530, 2009 WL 2151753, at *2 (D.N.J. July 14, 2009); see also Nye v. Ingersoll Rand Co., Civ. A. No. 08-3481, 2011 WL 253957, at *3 (D.N.J. Jan. 25, 2011).

As noted above, RFI seeks clarification of the Court's May 29, 2020 Order and Opinion. More specifically, RFI asks the Court to "confirm that RFI's only obligation is to reimburse defense costs incurred in connection with the Conversion cause of action and not the entire Underlying Complaint." [Docket No. 51-1 at 7]. It makes this request because the Court's previous Order and Opinion held that some of the asserted claims were covered by the insurance policy and others were not. In response, Conte's argues that the underlying claims were not mutually exclusive, and instead arose from the same set of facts. Thus, Conte's concludes, Nature's One's claims against Conte's are too "factually interdependent" for RFI's duty to defend to be parsed out.

Both parties generally agree on the applicable standards.

> [w]here a conflict exists between an insurer and its insured by virtue of the insurer's duty to defend mutually-exclusive covered and non-covered claims against the insured, the duty to defend is translated into a duty to reimburse the insured for the cost of defending the underlying action if it should be determined, based on the disposition of that action, that the insured was entitled to a defense.

Grand Cove II Condo. Ass'n, Inc. v. Ginsberg, 676 A.2d 1123, 1131 (N.J. Super. App. Div. 1996) (citing Burd v. Sussex Mut. Ins. Co., 267 A.2d 7, 10 (1970). Moreover, if defense costs cannot be apportioned between covered and non-covered claims, "the insurer must assume the cost of the defense for both

7

covered and non-covered claims." SL Indus., Inc. v. Am. Motorists Ins. Co., 128 N.J. 188, 215 (1992). But the difficulty of appropriating costs does not justify imposing all costs on the insurer. Id. at 216. Indeed, the New Jersey Supreme Court concluded that courts mistakenly require insurers to pay the full costs of defense too frequently. Id. Therefore, the Court instructed that when the insurer and the insured "are unable to agree [on a fair appropriation of defense costs] . . . courts will be able to analyze the allegations in the complaint in light of the coverage of the policy to arrive at a fair division of costs." Id.

Conte's argument raises precisely the concerns that the New Jersey Supreme Court identified in SL Indus. Plaintiff has not established the impossibility of appropriating costs between covered and non-covered claims, only the difficulty in doing so. But the Court cannot impose full costs on RFI simply because appropriating the costs is difficult.

In SL Indus., the New Jersey Supreme Court held that courts should "arrive at a fair division of costs" only if the insurer and insured are unable to "negotiate a satisfactory settlement that fairly apportions the defense costs." Id. Evidently, RFI has taken the position that "[RFI] and Conte's Pasta have not been able to negotiate a 'satisfactory settlement.'" [Docket No. 54 at 5]. Conte's, however, has not argued this point.

8

The Court finds that the costs of the covered and non-covered claims are capable of apportionment. Given the importance of this issue, however, the Court seeks to confirm the parties' positions before imposing its own division of costs. Therefore, the parties shall attempt to negotiate a satisfactory settlement of the defense costs. If they are unable to negotiate that satisfactory settlement within 60 days of this opinion and its accompanying order, each party shall file a letter to the Court outlining what it believes to be the correct division of costs. The Court will then hold a hearing. This hearing will afford the Court an opportunity to assess whether a party has negotiated in bad faith. If a party has negotiated in bad faith, the Court will not hesitate to impose sanctions.

## V.   CONCLUSION

For the foregoing reasons, RFI's Motion for Reconsideration is DENIED. RFI's Alternative Motion for Clarification of the Court's May 29, 2020 Order and Opinion is GRANTED. The parties shall attempt to negotiate a satisfactory settlement of defense costs. If they are unable to reach a settlement within 60 days, the parties shall each file a letter, of no more than three pages, detailing its position on the correct division. An appropriate Order accompanies this Opinion.

Dated: January 8, 2021                               \_\_s/ Renée Marie Bumb_____
                                                     RENÉE MARIE BUMB
                                                     UNITED STATES DISTRICT JUDGE